**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**COMMITTEE OF CONCERNED MIDWEST
FLIGHT ATTENDANTS FOR FAIR AND
EQUITABLE SENIORITY INTEGRATION,
CATHERINE REED, TINA LITKOWSKI,
MEGAN CASH, ASSOCIATION OF FLIGHT
ATTENDANTS CWA AFL-CIO,**

                      Plaintiffs,

                                                        **Case No. 10-C-379**

      -vs-

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, INTERNATIONAL BROTHERHOOD
OF TEAMSTERS AIRLINE DIVISION, TEAMSTERS
LOCAL 135, REPUBLIC AIRLINES, Inc., and
REPUBLIC AIRWAYS HOLDINGS, Inc.,**

                      Defendants.

---

## DECISION AND ORDER

---

In September, the Court denied cross-motions for summary judgment on the plaintiffs' claim that the McCaskill-Bond Amendment requires seniority integration among former flight attendants for Midwest Airlines and flight attendants employed by Republic Airways. *Comm. of Concerned Midwest Flight Attendants v. Int'l Bhd. of Teamsters*, 742 F. Supp. 2d 1035 (E.D. Wis. 2010). On cross-motions for reconsideration, the Court granted the Teamsters' motion for summary judgment, finding that McCaskill-Bond does not entitle the plaintiffs to seniority integration proceedings. *Comm. of Concerned Midwest Flight Attendants v. Int'l Bhd. of Teamsters*, 2011 WL 94697, 190 L.R.R.M. (BNA) 2040 (E.D.

Wis. January 10, 2011). Still remaining are the plaintiffs' claims for breach of the duty of fair representation and breach of contract. Plaintiffs now move for certification of an interlocutory appeal or, in the alternative, for the entry of partial final judgment on the McCaskill-Bond issue.

A district judge can certify an otherwise non-appealable order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The test is conjunctive, meaning that all of the requirements must be satisfied. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). If not, certification is a waste of time for the court of appeals and serves only to "delay the litigation in the district court, since the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal." *Id.* Ultimately, the party seeking an interlocutory appeal must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The Court granted the Teamsters' motion for summary judgment because the 2009 purchase of Midwest Airlines by Republic Airways Holdings was not a transaction "for the combination of multiple air carriers into a single air carrier" pursuant to the express terms of McCaskill-Bond. The Court reasoned that this statutory language is "directly informed by the scheme of labor protective provisions (LPPs) adopted by the Civil Aeronautics Board

(CAB) in *Allegheny-Mohawk*," which historically applied only when two functioning air carriers were combined, resulting in the "abandonment of duplicative routes, consolidation of facilities, or the unique problems of putting together two work forces . . ." *Comm. of Concerned Midwest Flight Attendants* at *1, 2. By contrast, RAH continued to operate Midwest Airlines separately from its other subsidiaries until Midwest Airlines ceased to exist. "Essentially, RAH purchased the assets of a failing airline, one that was scheduled to lose its entire fleet of leased aircraft soon after the transaction, hoping to capitalize on the goodwill associated with the Midwest brand." *Id.* at *2.

Plaintiffs argue that there are substantial grounds for difference of opinion because this issue – whether the language of McCaskill-Bond should be interpreted by reference to the CAB's historical application of LPPs – is an issue of first impression. However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)); *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996); *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (a "dearth of cases" does not constitute "substantial ground for difference of opinion"). Plaintiffs also observe that the Court's initial order interpreted

McCaskill-Bond without reference to the CAB's historical application of LPPs.[1] Even so, on a motion for interlocutory appeal, the district judge's duty is to "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Flor* at 284; *see also APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003). Because McCaskill-Bond was enacted in response to an operational merger, and because McCaskill-Bond implicitly incorporates the CAB's definition of a merger in *Allegheny-Mohawk*, there are no substantial grounds to dispute the Court's ruling on this issue. This is true even though the Court was previously persuaded by the plaintiffs' arguments to the contrary. "A certification pursuant to Section 1292(b) is to be used only in extraordinary cases where a decision might avoid protracted and expensive litigation and should not be used merely to provide review of difficult rulings in hard cases." *McCann v. Comm'n Design Corp.*, 775 F. Supp. 1506, 1534 (D. Conn. 1991) (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996)).

In the alternative, the plaintiffs move for the entry of partial final judgment under Federal Rule of Civil Procedure 54(b), which provides that when an action "presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to

---

[1] "Even if Midwest was operated separately for a period of time, RAH eventually combined Republic aircraft and management personnel with Midwest's brand name, routes, employees (except flight attendants) and code-share arrangements with other airlines. Midwest surrendered its certifications, and Republic Airlines became certified by the FAA and IATA to operate 'Republic Airlines d/b/a Midwest' using Midwest's former 'YX' designator code. Accordingly, multiple air carriers (Republic Airlines and Midwest Airlines), each with their own certificates under 49 U.S.C. § 41101, were ultimately combined into a single air carrier with one certificate – Republic Airlines d/b/a Midwest (MWA)." *Comm. of Concerned Midwest Flight Attendants*, 742 F. Supp. 2d at 1041.

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." When deciding such a motion, the function of the district court is to act as a "'dispatcher' . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Rule 54(b) judgments are generally disfavored because they allow piecemeal appellate litigation. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). "Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990).

District courts can enter a Rule 54(b) judgment if there is a final adjudication on a specific claim or with respect to a specific party. *Gibson v. Am. Cyanamid*, No. 07-C-864, 2010 WL 3062145, at *1 (E.D. Wis. Aug. 2, 2010). However, final judgment can be entered on a single claim "only if that claim is separate from the claim or claims remaining for decision in the district court – separate not in the sense of arising under a different statute or legal doctrine . . . but in the sense of involving different facts." *Ty, Inc. v. Publ'n Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002). Moreover, even though the district court "may" enter judgment on a separate claim, "power is not duty." *Cont'l Cas. Co.*, 189 F.3d at 519. The Court still must make a discretionary determination that there is "no just reason for delay." This encompasses an analysis of "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8.

It appears that the plaintiffs' McCaskill-Bond claims are separate from their claims for breach of contract and breach of the duty of fair representation. The latter claims arose only after Republic Airways purchased Midwest Airlines. Of course, the viability of the McCaskill-Bond claim is based on the nature of that initial transaction. "Two legal theories sufficiently distinct that they call for proof of substantially different facts may be separate 'claims.'" *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). However, other than their own impatience, the plaintiffs offer no legitimate justification for prematurely presenting this matter to the court of appeals. Plaintiffs argue that it is unfair to make them await a ruling on seniority integration under McCaskill-Bond because of their longstanding expectation that they were protected by that statute. Anxiety over the normal ebb and flow of litigation is not enough to justify the entry of a partial final judgment. *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992) (party seeking Rule 54(b) certification "bears the burden of showing that she will suffer unjust harm from the normal delay pending resolution of all claims in the case"); *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (certification should be granted "only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal"). While it may be true that a Seventh Circuit ruling in favor of the plaintiffs on McCaskill-Bond would facilitate settlement on the balance of plaintiffs' claims, an unfavorable ruling on the other hand would put this case right back where it is now. And a subsequent appeal would, at a minimum, require the court of appeals (perhaps a separate

panel) to re-learn the factual background and context giving rise to this litigation. Therefore, the Court must deny the request for certification under Rule 54(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion for certification under § 1292(b) or, in the alternative, for entry of partial final judgment pursuant to Rule 54(b) [D. 39] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **May 3, 2011** at **10:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a Scheduling Order which will limit the time: to join other parties and to amend the pleadings; to file motions; and to complete discovery;

4. The Scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; set the date or dates for conferences before trial, a final pretrial conference, and trial; include any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

6. Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rule 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case of no more than several sentences.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2011.

                                      **BY THE COURT:**

                                      *s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**